IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TYRONE GREEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. 5:24-CV-70 (MTT) |
| **Deputy Warden JEFFERSON,** *et al.*, | ) |
| **Defendants.** | ) |

## ORDER

On April 16, 2024, the Magistrate Judge recommended dismissing plaintiff Tyrone Green's complaint because Green had accrued more than three strikes under 28 U.S.C. § 1915(g) and did not allege facts sufficient to show an imminent danger of serious physical injury and/or because Green failed to fully disclose his litigation history. Doc. 4. After the time for filing objections passed, the Court adopted the Magistrate Judge's recommendation, reviewing it for clear error. Doc. 5. Now—29 days after the deadline—Green objects. Doc. 7. The Court construes Green's untimely objection as a motion for reconsideration of the Court's prior Order (Doc. 5).

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was

not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

In his original complaint, Green stated that prior to his incarceration at Macon State Prison, he was in Phoebe Putney Memorial Hospital. Doc. 1 at 5. He failed to explain why he was hospitalized. In his motion, he explains he was hospitalized because he has epilepsy. Doc. 7 at 1. In his original complaint, Green stated that upon being released from the hospital he was placed in the "hole" at Macon State Prison so that authorities could "keep an eye on him." Doc. 1 at 5. He states this again in his motion. Doc. 7 at 1. In his original complaint, Green stated he has seizures and can "barely walk," but failed to specify what condition causes either the seizures or problems walking. Doc. 1 at 5. In his motion, he states he has epilepsy and has a brace on his leg. Doc. 7 at 2. In his original complaint, Green stated he had a seizure that caused him to "bust [his] head." Doc. 1 at 5. He did not state when he had this seizure or exactly how he "busted [his] head." *Id*. In his motion, Green states he had a seizure on February 25, 2024 and it caused him to fall and "bust his head open." Doc. 7 at 2. Green states in his objection that there are no officers to ask for help because Macon State Prison is experiencing a shortage of staff. *Id*.

Green's objection does clarify some of his allegations. The Court now knows he has epilepsy, fell on February 25, 2024, and has a brace on his leg. Doc. 7. Green could have provided this information in his original complaint and it, therefore, provides

no basis for reconsideration of the Court's May 14, 2024 Order dismissing the action without prejudice.  Thus, Green's motion for reconsideration is **DENIED**.

Furthermore, even if Green's objection had been timely, the result would be the same.  First, just as in his original complaint, Green still has not linked any named Defendant to a denial of medical care.  In other words, while Green states "administration and medical and wardens and doctor" are deliberately indifferent to his serious medical needs, he does not state when he asked for medical help, who he asked for medical help, and what response he received.  Doc. 7 at 2.  Thus, he has failed to state a claim for relief against any named Defendant.  Second, Green's allegation that Macon State Prison is short of staff, without more, does not show an imminent danger of serious physical injury.  Third, and perhaps most importantly, Green's action was also dismissed because he failed to disclose his previous litigation.  Green disclosed that he filed two lawsuits in the past and one was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.  Doc. 1 at 2-3.  In reality, Green has filed nine lawsuits in the federal courts while incarcerated and four have been dismissed as frivolous, malicious, or for failure to state a claim.  *See* Doc. 4 at 6-7.  Green has not explained his failure to fully disclose his previous litigation.  This alone justified dismissing Green's complaint.

In conclusion, the Court construes Green's untimely objection (Doc. 7) as a motion for reconsideration, which is **DENIED**.  But even if Green had timely objected, the Court still would adopt the Recommendation.  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviewed de novo the portions of the recommendation to which Green

objected. The Court still accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.[1]

**SO ORDERED**, this 12th day of June, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Green's case was dismissed without prejudice. Thus, he is not precluded from filing a 42 U.S.C. § 1983 action alleging deliberate indifference to serious medical conditions. If he does so, it will be given a new civil action number. Green must keep in mind the need to make allegations sufficient to show an imminent danger to serious physical injury and the requirement to disclose ALL of his previous litigation, which was listed in full on the April 16, 2024 Recommendation of Dismissal. Doc. 4 at 6-7.